FRED W. JONES, Jr., Judge.
The defendant Smith was found guilty by a jury, as charged, with committing theft by aiding in the fraudulent representation of cashing a check with the intent to permanently deprive the victim of the money. (La.R.S. 14:67). He was sentenced to prison for two years. The defendant appealed his conviction, reserving three assignments of error.

Factual Context

On Sunday, February 9,1986 the defendant and his wife, Robbieteen Smith, drove to the Bestway Grocery Store in Epps to buy some groceries and cash a check. Mrs. Smith entered the store with her two children and bought a small amount of groceries. In payment thereof she presented to Mrs. Hales, the store owner, a check drawn on a business account in the name of Smith’s Bail Bonds. This check was made out to Robbieteen Smith in the amount of $211.87 and was signed by the defendant. Mrs. Hales deducted the bill for the groceries and remitted to Mrs. Smith the,balance in cash. Mrs. Smith left the store with her children and joined the defendant who had waited for them.
The check was returned to the Bestway Store because the account on which the check was drawn had been closed some months previously. Mrs. Hale then turned the check over to the district attorney’s office.

Assignment of Error No. 1

In this assignment the defendant argues that the State failed to prove his guilt beyond a reasonable doubt, since it was not shown that he entered the store, presented the check to Mrs. Hale, and obtained something of value from her.
La.R.S. 14:67 provides:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
According to the testimony of Mrs. Nolan, an officer of First National Bank of West Monroe, upon which the check was drawn, the checking account for Smith’s Bail Bonds was opened on April 10, 1985, with the signature card indicating only Robbieteen Smith as authorized to sign checks. Subsequently, the name of Charles Smith was added to the signature card. The account was later closed be *788 cause an overdraft balance existed for over 60 days. The bank charged off $357.06 on September 18, 1985.
Notice of the charge-off and closing of the account was sent to Smith’s Bail Bonds by certified mail, which was returned unclaimed. However, after September 18, 1985 no statements were mailed indicating funds in the account.
The store owner, Mrs. Hale, testified that when the check was presented, she examined Mrs. Smith’s driver’s license, found her address and wrote it on the back of the check. Mrs. Hale followed Mrs. Smith out of the store and saw a man, later identified as Charles Smith, get out of the car, take the groceries from Mrs. Smith and put them in the trunk. Mrs. Hale then wrote the license plate number of the car and its description on the back of the check. After deposit, the check was returned to the store marked “account closed.” Mrs. Hale identified the Smiths from photographs presented to her by the district attorney’s office.
Mrs. Smith, the defendant's wife, testified on behalf of the State. She said that she saw Smith sign the check in question, and that the witness gave the cash to her husband when she joined him after leaving the store. Mrs. Smith testified that both she and the defendant knew there were no funds in the account, but Smith instructed her to enter the store and cash the check, which she had typed at his direction.
No witness testified on behalf of the defendant.
The proper standard of appellate review for a sufficiency of evidence question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 448 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewing the evidence in this case in the light most favorable to the State we find it is sufficient for a rational trier-of-fact to have found that the defendant committed the crime charged beyond a reasonable doubt.

Assignment of Error No. 2

Defendant contends a mistrial should have been ordered based upon prejudicial remarks made by the prosecutor relative to other crimes alleged to have been committed by the defendant.
During the direct examination of Mrs. Smith the prosecutor asked if she came to Oak Grove to try to cash a check and whether she entered any business houses for that purpose. The witness replied that she went into the Big Star Grocery in an attempt to cash a different check. The prosecutor then queried her about the check cashed at the Bestway Store in Epps.
On cross-examination, in an attack on the credibility of Mrs. Smith, defense counsel questioned her about any crimes she had committed. The witness revealed that she and the defendant had cashed worthless checks on at least three other occasions. On re-direct examination the prosecutor questioned Mrs. Smith thoroughly about the other crimes of worthless check writing. Defendant made no contemporaneous objection to the introduction of evidence of other crimes.
Defendant argues that the following provision of La.C.Cr.P. Article 770 mandates a mistrial:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or argument, refers directly or indirectly to:
[[Image here]]
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
[[Image here]]
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
*789 If error is committed in this réspect, failure to move for a mistrial constitutes a waiver. La.C.Cr.P. Article 841; State v. Kahey, 436 So.2d 475 (La.1983); State v. Sims, 346 So.2d 664 (La.1977). Since defendant failed to move for a mistrial, any error made in this regard was waived.

Assignment of Error No. 3

Defendant asserts that the trial court erred in refusing to grant his motion for a mistrial after the prosecutor made a reference to the defendant not taking the witness stand to testify.
During the course of closing argument the prosecutor stated: “And he signed it and there is no one who has denied that at all.” Defendant moved for a mistrial claiming the prosecutor referred to his failure to testify. The trial judge denied the motion.
La.C.Cr.P. Article 770 provides in part:
Upon motion of a defendant, a mistrial shall be ordered when a remark of comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * # *
(3) The failure of the defendant to testify in his own defense.
In State v. Latin, 412 So.2d 1357 (La.1982), the court commented:
“References made in closing argument that the State’s case stands uncontro-verted have been frequently upheld by this Court, (citations omitted). A statement that the State’s theory of the case remains unassailed encompasses the entire case presented by the defense and does not focus on the defendant’s failure to take the stand. However, when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury’s attention on the defendant’s failure to testify.”
Latin follows State v. Perkins, 374 So.2d 1234 (La.1979), where the court found the defendant was the only person who could have disputed the testimony, and the attention of the jury was thereby focused on his failure to testify.
Where the defendant presented a weak defense but did try to exculpate himself by calling six witnesses to the stand, the court found the prosecutor’s remarks were directed toward the insubstantial nature of the evidence introduced in aggregate rather than the failure of the defendant to testify. The defendant, consequently, was not the only witness who could have refuted the evidence presented. State v. Hebert, 443 So.2d 620 (La.App. 3d Cir.1983).
In State v. Jackson, 480 So.2d 937 (La. App. 2d Cir.1985), writ denied, 484 So.2d 668 (La.1986), five witnesses were named and sequestered by the defense at the beginning of the trial. The court concluded the jury was placed on notice there were other witnesses than the defendant available to testify on his behalf.
The prosecutor’s remarks in State v. Wiley, 513 So.2d 849 (La.App. 2d Cir.1987), specifically referred to the defendant’s failure to call expert witnesses. The court found no merit in the claim that the prosecutor intentionally directed the jury’s attention to defendant’s failure to testify.
In this case defense counsel requested a continuance when he was unable to subpoena his witnesses in time for them to appear in court. The request was denied and the trial proceeded without anyone present to testify on behalf of the defendant, other than himself.
In closing argument the prosecutor remarked “no one” had testified that the defendant had not signed the check. He did not state that an expert did not refute the signature nor did he suggest that there was other witnesses who might have testified. Considering the personal nature of a signature, the absence of defendant’s witnesses, and the words chosen by the prosecutor, the most reasonable conclusion to be drawn by the jury was that the prosecutor referred to defendant’s failure to take the witness stand. The prosecutor clearly violated the cited provisions of La.C.Cr.P. Article 770 and the trial judge erred in failing *790 to declare a mistrial when that motion was made.
There is merit to this assignment of error.

Decree

For the reasons explained, defendant’s conviction and sentence are REVERSED and the case is REMANDED to the district court for further proceedings consistent with this opinion.