911 So.2d 396 (2005)
STATE of Louisiana, Appellee
v.
James WATSON, Appellant.
No. 40,059-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*398 James E. Beal, Jonesboro, for Appellant.
Walter E. May, Jr., District Attorney, Jonathan M. Stewart, Robert A. Moore, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, J.
The defendant, James Watson, was charged by bill of information with driving while intoxicated, fourth offense, in violation of LSA-R.S. 14:98. After the trial court denied the defendant's motion to quash the bill of information, the defendant entered a plea of guilty, reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to serve thirty years imprisonment at hard labor with all but sixty days suspended, placed under house arrest and supervised probation for a period of five years with numerous conditions, and fined $5,000.00 plus costs. The defendant appeals the denial of the motion to quash. For the following reasons, we affirm the trial court's ruling on the motion to quash and the defendant's adjudication as a fourth-time offender. We amend the defendant's sentence to clarify the sentence of supervised probation for a period of five years, home incarceration for the remainder of the term of probation, and the seizure and sale of the vehicle being driven at the time of the offense. We affirm the defendant's sentence as amended.

FACTS
On September 15, 2004, the defendant was arrested for driving while intoxicated ("DWI") on Interstate 20 in Bienville Parish. A state trooper observed the defendant hit the fog line twice, cross the center white line once, and nearly collide with a passing tractor trailer. Once the trooper stopped the defendant, the officer detected a strong odor of alcohol on the defendant's breath and noticed that the defendant swayed from side to side and was unsteady on his feet. The defendant attempted to perform field sobriety tests and was unable to do so. The state trooper placed the defendant under arrest, advised him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and administered a breathalyzer test. The result was .304 grams.
On December 18, 2004, the district attorney filed a bill of information, charging the defendant with DWI  Fourth Offense, alleging:
[D]efendant having previously operated a motor vehicle while under the influence of alcohol on June 1, 1996, and having been convicted of that offense on August 27, 1996, in the Little Rock City Court, in Docket Number 96-4188;
and defendant having been previously been [sic] convicted of Operating a Motor Vehicle While Intoxicated, having operated a motor vehicle while under the influence of alcohol on November 10, 1999, and having been convicted of that offense on October 12, 2000, in the Perryville District Court, in Docket Number 5991217;
and defendant having been previously been [sic] convicted of Operating a Motor Vehicle While Intoxicated, having operated a motor vehicle while under the influence of alcohol on August 30, 2002, and having been convicted of that offense on September 16, 2003, in the Searcy District Court, in Docket Number 22051.
*399 In response to the bill of information, the defendant filed a motion to quash the bill of information. After the trial court denied the motion, the defendant appeared with counsel and entered a plea of guilty to the charge of DWI  Fourth Offense, reserving his right to appeal the ruling on the motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to serve thirty years imprisonment at hard labor, with all but sixty days suspended. He was placed under house arrest and supervised probation for a period of five years with numerous conditions mandated under LSA-R.S. 14:98(E), and fined $5,000.00 and costs. The defendant now appeals.

DISCUSSION
The defendant challenges his conviction as a fourth time offender, contending there was no testimony adduced to establish that he was the person with the three prior convictions in Arkansas. He also argues that even if his identity had been established, the evidence of the prior convictions was inadequate to show that he was advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that he knowingly and voluntarily entered into the guilty pleas in the prior proceedings.
In Boykin, supra, on appeal of a criminal conviction following a guilty plea, the United States Supreme Court held "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Rather, the trial court should "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Boykin, 395 U.S. at 244, 89 S.Ct. 1709. Concerning the record of such a guilty plea on appeal, the Court found that because a guilty plea constitutes a waiver of several constitutional rights, including the privilege against self-incrimination, the right to trial by jury and the right to confront one's accusers, the prosecution was required to "spread on the record the prerequisites of a valid waiver" of these rights. Thus, the Court held that it could not presume a voluntary and knowing waiver of these three rights "from a silent record." To insure an adequate record on review, the Court stated a trial court would be "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." Id., 395 U.S. at 244 n. 7, 89 S.Ct. 1709 (quoting Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196, 197-98 (1968)).
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases, and the burden is on the defendant to prove the prior plea is constitutionally deficient. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. In Carlos, the court also found that the burden shifting principles set forth in State v. Shelton, 621 So.2d 769 (La.1993), apply to the DWI provisions found in LSA-R.S. 14:98.[1] In Shelton, the Louisiana Supreme *400 Court discussed the burden of proof in habitual offender proceedings as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. (Footnote omitted).
Shelton, 621 So.2d at 779.[2]
In State v. O'Neal, 34,814 (La.App. 2 Cir. 10/21/01), 795 So.2d 1292, writ denied, XXXX-XXXX (La.11/1/02), 828 So.2d 564, the defendant appealed his adjudication as a habitual offender, arguing his prior guilty plea should not have been used to enhance his sentence because the state did not introduce the transcript of the prior guilty plea. This court stated:
We find that the state, through the use of the minute entry, has met its burden of proof under Shelton by showing that the defendant was represented by counsel at the time of the plea. Once the state has met its burden of proof, the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity. The defendant alleges *401 that there were defects in the taking of the plea. However, the defendant did not introduce any evidence to show an infringement or irregularity. Therefore, the defendant has not met his burden of proof under Shelton.

O'Neal, 795 So.2d at 1296.[3]
In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. The state must additionally offer proof that the accused is the same person as the defendant previously convicted. City of Monroe v. French, 345 So.2d 23 (La.1977). Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, such as: testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver's license number, sex, race, and date of birth. State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Curtis, 338 So.2d 662 (La.1976); State v. Hight, 35,621 (La.App. 2 Cir. 3/1/02), 810 So.2d 1250, writ denied, 02-1181 (La.11/22/02), 829 So.2d 1036.
In this case, in an effort to satisfy their burdens of proof, the state and the defendant jointly introduced into evidence the documents from each of the Arkansas proceedings. The records from the Little Rock proceedings contain a certified document entitled "Judgment on Plea of Guilty" which provides in part:
[T]he defendant, James Watson, appeared in person and by Robert Meurer, his attorney. Defendant knowingly, voluntarily, and intelligently entered into a plea of guilty to the charges [DWI, second offense].
The Little Rock document described the defendant in those proceedings as James Watson, a white male, born January 24, 1958. Other certified records of those proceedings describe the defendant by social security number and driver's license number.
The certified minute entry of the Perryville proceedings describes the defendant in those proceedings as James Watson, a white male. Although the document includes the incorrect date of birth,[4] the driver's license number detailed in that record is identical to the driver's license number in the Little Rock, Searcy, and the instant proceedings. Also, the defendant's address listed in the Perryville record is the same address listed in the documents from the Searcy proceedings, and the instant proceedings. The Perryville record further lists defense counsel as "Paul Petty."
Moreover, the certified minute entry from the Searcy proceedings states that the defendant, James A. Watson, appeared and entered a plea of guilty to the amended charge of "DWI II." The handwritten record, signed by the district court judge, states, "[Defendant's] attorney present." The document indicates the attorney representing the defendant in those proceedings was "Marla Derrick." The Searcy documents further described the defendant *402 entering the guilty plea as James Watson, a white male, born January 24, 1958, and the driver's license number listed is identical to that of the James Watson who pled guilty in Little Rock and Perryville. The arrest report further identifies the defendant by his social security number.
In the instant proceedings, the defendant admitted on the record that he had three prior DWI convictions in Arkansas. During the hearing, when the assistant district attorney stated that the defendant had three previous DWI convictions and listed those convictions, the trial judge asked the defendant, "Are the facts stated by the D.A. correct, Mr. Watson? Is what he said right?" The defendant responded, "Yes, sir."
After reviewing the record in its entirety, we find the state satisfied its burden of proving the existence of the prior guilty pleas, the identity of the defendant in those proceedings, and that the defendant was represented by counsel at the time of the pleas.
According to the defendant, the state failed to meet its burden of proving that the predicate guilty pleas were knowingly and voluntarily entered. The defendant contends the state can only meet its burden by introducing a "perfect" transcript of the prior guilty pleas. We disagree. Under Shelton, supra., the state meets its initial burden by proving the existence of a prior guilty plea and that the defendant was represented by counsel at the time of the plea. Once the state does so, the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity.
In an attempt to meet his burden, the defendant jointly introduced into evidence the records from the Little Rock, Searcy and Perryville proceedings. According to the defendant, while the Little Rock documents indicate that he was advised of "constitutional and legal rights," the document itself fails to specify that he was advised of his privilege against self-incrimination, right to trial by jury and right to confront his accusers. Moreover, the defendant maintains the documents obtained from the Searcy and Perryville proceedings fail to mention any constitutional rights.
This precise argument was rejected by this court in State v. Stewart, 27,049 (La.App. 2 Cir. 5/10/95), 656 So.2d 677, writs denied, 95-1764, 95-1768 (La.12/8/95), 664 So.2d 420. In Stewart, the defendant appealed his adjudication as a habitual offender, contending, inter alia, the state failed to meet its burden of showing he was advised of his rights under Boykin when he entered a plea of guilty to escape, one of the predicate out-of-state offenses. The defendant argued his burden of producing "affirmative evidence showing an infringement of his rights ..." was met by merely pointing out that the documentation failed to reveal a Boykin colloquy between him and the judge. This court expressly rejected that argument, stating:
Defendant's contention, however, ignores the Shelton court's design for preserving the presumption of regularity in final judgments. His proposed course, viz., allowing a defendant to simply rely upon the absence of a Boykin notation within the minute entry, would disregard that presumption and essentially reinstate the prior jurisprudence that placed the entire burden of proof upon the state. Contrarily, Shelton requires affirmative evidence from the defendant and indicates that he can attempt to meet his burden "with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence." State v. Shelton, supra, at 779, fn. 24. Here, [the defendant's] reliance on the alleged deficiency in the prosecution's *403 evidence is misplaced. In fact, the situation before us presents exactly the circumstance under which the presumption is intended to operate. See, e.g., State v. Smith, 415 So.2d 930 (La.1982); State v. Jefferson, 386 So.2d 77 (La.1980); State v. Holden, 375 So.2d 1372 (La.1979), (all three cases requiring the defendant to affirmatively show substantial defects in out-of-state predicate convictions).
Stewart, 656 So.2d at 682.[5]
In the instant case, as stated above, the state met its burden of proving that the defendant pled guilty to the predicate offenses and was represented by counsel when he did so. The burden then shifted to the defendant to prove an irregularity. The defendant offered no affirmative evidence indicating any infringement of his rights or procedural irregularity. Therefore, the defendant's burden was never met. Consequently, under the burden-shifting scheme set forth in Shelton, the burden never shifted back to the state to prove the constitutionality of the prior pleas. For these reasons, the defendant's assignment of error is without merit.
Finally, we conducted an error patent review of the record, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975), and detected an ambiguity in the sentencing with regard to probation, home incarceration and the seizure and sale of the vehicle being driven at the time of the offense. The trial court ordered the defendant to home incarceration for a period of five years and imposed a period of supervised probation "during the home incarceration period." Additionally, while explaining the defendant's sentence in open court, the trial court stated, "The vehicle being driven by you at the time of the offense shall be seized and impounded and sold at auction in accordance with law unless one of the exemptions set forth in the statute are [sic] applicable." However, the trial court made no reference to the seizure and sale of the vehicle when the actual sentence was imposed.
Under LSA-R.S. 14:98(E)(1)(a), on a conviction of a fourth or subsequent offense, a defendant "shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years...." Additionally, the offender is required, as a condition of probation, to either undergo an evaluation for addictive disorders and participate in any treatment plan recommended, or participate in substance abuse treatment in an alcohol or drug abuse program. LSA-R.S. 14:98(E)(1)(c) mandates a period of home incarceration "for a period of time not less than one year nor more than the remainder of the term of supervised probation." LSA-R.S. 14:98(E)(1)(c) provides that a defendant who fails to complete substance abuse treatment or violates any other condition of probation faces a possible revocation of probation. LSA-R.S. 14:98(E)(2)(a) provides, "In addition, the court shall order that the vehicle being driven by the offender at the time of the offense be seized and impounded, and be sold at auction...."
*404 In this case, while the trial court did not specify the term of the defendant's probationary period, it is implicit that the term of probation is the five-year term set by the trial court in its colloquy with regard to the period of home incarceration. Also, as stated above, the seizure and sale of the vehicle was not explicitly ordered when the sentence was imposed. To clarify these matters, we amend the defendant's sentence with regard to probation, home incarceration and the seizure and sale of the vehicle being driven at the time of the offense as follows:
The defendant shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of five years, and shall be placed in a home incarceration program approved by the division of probation and parole for the remainder of the term of probation. Additionally, the vehicle being driven at the time of the offense shall be seized and impounded, and be sold at auction in the same manner and under the same conditions as executions of writ of seizure and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure, unless one of the exemptions set forth in LSA-R.S. 14:98(E)(2) applies.

CONCLUSION
For the reasons stated above, we affirm the trial court's denial of the defendant's motion to quash and the defendant's adjudication as a fourth-time offender. We amend the defendant's sentence and affirm as amended.
CONVICTIONS AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] LSA-R.S. 14:98 provides in pertinent part:

A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
* * *
E. (1)(a) Except as otherwise provided in Subparagraph
(4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended, and the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender's release from custody.
* * *
F. (1) For purposes of determining whether a defendant has a prior conviction for violation of this Section, a conviction ... under the laws of any state or an ordinance of a municipality, town, or similar political subdivision of another state, which prohibits the operation of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance while intoxicated, while impaired, or while under the influence of alcohol, drugs, or any controlled dangerous substance shall constitute a prior conviction. This determination shall be made by the court as a matter of law.
(Emphasis added).
The statute further mandates, as a condition of probation, an evaluation for addictive disorders and participation in any recommended treatment plan, home incarceration, and seizure, impoundment, and the sale of the vehicle being driven at the time of the offense.
[2] The supreme court further stated:

If the defendant is able to [satisfy his burden of proof], then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted.)
Shelton at 779-80.
[3] In O'Neal, this court affirmed the defendant's conviction and adjudication as a third felony offender and remanded the case to the trial court for a determination of whether the defendant's sentence under the habitual offender statute was constitutionally excessive. On appeal after remand, this court affirmed the defendant's sentence. State v. O'Neal, 36,431 (La.App. 2 Cir. 10/23/02), 830 So.2d 408.
[4] The Perryville minute entry lists the defendant's date of birth as January 26, 1958, rather than January 24, 1958.
[5] In Stewart, supra, this court also found that the documents from two other predicated offenses were insufficient to show that the defendant was represented by counsel when he entered the guilty pleas. We reversed his adjudication as a fourth felony offender and remanded the case for resentencing. On remand, the trial court again adjudicated the defendant a fourth felony offender. On appeal, we affirmed the adjudication. However, on rehearing, this court found that the record did not establish the defendant was represented by counsel and set aside the adjudication as a fourth felony offender. State v. Stewart, 29,241 (La.App. 2 Cir. 2/26/97), 712 So.2d 106, writ denied, 97-1524 (La.11/14/97), 703 So.2d 1289.