BROWN, Chief Judge.
_JjA jury convicted defendant, Kendrick Wayne Jones, of illegal possession of a firearm by a convicted felon. Pursuant to an agreement, the state dismissed other pending felony charges, and defendant received a sentence of 12 1/2 years at hard labor. Defendant appeals, alleging insufficiency of proof of the crime. We amend the sentence in part and as amended, affirm.

Discussion

Sufficiency of the Evidence-Prior Felony Conviction

Defendant argues that the state failed to present sufficient evidence to prove that defendant had a previous felony conviction, a necessary element of the charged offense.
Although the record does not reflect that defendant filed a motion for post-verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Henson, 38,820 (La.App.2d Cir.09/22/04), 882 So.2d 670; State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.02/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.08/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/05/03), 852 So.2d 1020. This standard, legislatively | ^embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
In order to convict a defendant of possession of a firearm by a convicted felon, the state is required to prove beyond a reasonable doubt: (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Phillips, 35,554 (La.App.2d Cir.01/23/02), 806 So.2d 964; State v. Woodruff, 34,454 (La.App.2d Cir.02/28/01), 780 So.2d 598.
La. R.S. 14:95.1 provides in pertinent part that it is unlawful for any person who has been convicted of any violation of the Uniform Controlled Dangerous Substances Law which is a felony to possess a firearm *133 within ten years of the completion of the sentence imposed.
On April 2, 2005, several police officers were patrolling the area near National Liquor Bank located at the intersection of Union and 70th Streets in Shreveport,' Louisiana. They observed defendant, Kendrick Wayne Jones exit National Liquor Bank. Officer Robert Robinson, in the lead car, ^recognized defendant, and knew he had been barred from the National Liquor Bank. Officer Robinson called out to defendant, who then threw down a gun and fled the area. The gun was retrieved and found to be loaded.
Defendant was initially charged with possession of stolen property and being a felon in possession of a firearm. At trial, Officers Robinson, Deonray Belle, and John Flores testified defendant threw down a gun, shed his black jacket, and successfully fled the area; the owner of National Liquor Bank confirmed defendant had been in the store wearing a black jacket; the officers obtained information that the defendant was a convicted felon; and a police dog found defendant hiding under his bed at his home wearing the same clothes.
The officers’ testimony was clearly sufficient to prove possession of the firearm. Defendant’s appeal, however, challenges the proof of a prior felony conviction.
The burden is on the state to prove the existence of the prior felony conviction(s). Various methods may be used to carry this burden of proof, such as: testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver’s license number, sex, race, and date of birth. State v. Watson, 40,059 (La.App.2d Cir.09/21/05), 911 So.2d 396.
The state presented the testimony of Officer Amy Muller, an expert in fingerprint analysis. Officer Muller compared prints taken in court from ^defendant with prints on a bill of information in a previous case in the First Judicial Court, Caddo Parish, Louisiana, wherein defendant pled guilty to felony possession of a Schedule II CDS on May 13, 2003. Officer Muller found the prints matched. The minute entry of the May 13 guilty plea shows that defendant was represented by counsel and that the court informed defendant of his rights per Boykin v. Alabama, 395 U.S. 236, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
In State v. Shelton, 621 So.2d 769, 770-780 (La.1993), the Louisiana Supreme Court explained the shifting burden of proof in multiple offender hearings as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets, this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combina *134 tion thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights. (Footnotes omitted).
In State v. O’Neal, 34,814 (La.App.2d Cir.10/12/01), 795 So.2d 1292, 1296, in which the defendant urged the same argument (a minute entry |,4s insufficient proof to substantiate a prior plea), this court, relying on State v. Shelton, supra, held the following:
We find that the state, through the use of the minute entry, has met its burden of proof under Shelton by showing that the defendant was represented by counsel at the time of the plea. Once the state has met its burden of proof, the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity. The defendant alleges that there were defects in the taking of the plea. However, the defendant did not introduce any evidence to show an infringement or irregularity. Therefore, the defendant has not met his burden of proof under Shelton.
In the instant case, defendant makes no showing, much less an affirmative one, that there was an infringement of his rights or a procedural irregularity; thus the burden did not shift back to the state to make any further showing. Accordingly, this assignment of error is without merit.

Time Period Within Which to Apply for Post-Conviction Relief

The record reveals the trial judge informed defendant that he had two and one-half years to seek post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Reed, 40,975 (La.App. 2 Cir. 04/12/06), 926 So.2d 803.
The trial court should have advised defendant, and we now inform him by this opinion, that no application for post-eonviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
| ftErrors Patent
The sentencing portion of La. R.S. 14:95.1 provides, that whoever is found guilty of violating the provisions of this section shall be imprisoned at hard labor for not less than 10 nor more than 15 years without the benefit of probation, parole, or suspension of sentence and be fined not less than $1,000.00 nor more than $5,000.00.
Defendant received an agreed sentence of 12 1/2 years; however, the trial court did not state that the sentence was to be served without the benefit of probation, parole, or suspension of sentence, and no fine was imposed. The state, in its brief, did not appeal the sentence as illegally lenient.
In 1999, the legislature passed La. R.S. 15:301.1, entitled “Sentences without benefit of probation, parole, or suspension of sentence; correction,” which provides that when a criminal statute requires that all or a portion of a sentence imposed for a violation of a statute be served without benefit of probation, parole, or suspension of sentence, each sentence imposed under the provisions of that statute shall be deemed to contain these provisions, regardless of whether the district court has *135 inadvertently or purposefully omitted this language. In State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the supreme court held that § 301.1 authorized an appellate court to correct an illegally lenient sentence absent any complaint by the state and when a defendant is the only party bringing an appeal. The court further found that the statute eliminates the need for an appellate court to remand for a ministerial correction of an illegally lenient sentence which may result |7from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Accordingly, we revise defendant’s sentence to 12)6 years without the benefit of probation, parole, or suspension of sentence.

Conclusion

For the reasons set forth above, defendant’s conviction is AFFIRMED. Defendant’s sentence is AMENDED IN PART, and AFFIRMED. Defendant is hereby notified that he has the right to seek conviction relief within two years of the finality of his conviction.
AMENDED IN PART, AND AFFIRMED.