BLEICH, J. (Ad Hoc )
Following a jury trial, Chadric Green was found guilty as charged of possession of a firearm by a convicted felon and sentenced to 14 years at hard labor, without benefit of probation, parole, or suspension *1107 of sentence and a $1,000 fine. Green appeals his conviction. We affirm.
FACTS
On October 29, 2014, the Mansfield Police Department received a walk-in complaint from the victim of events that involved a man firing a gun into the air in a pasture located in Mansfield, Louisiana, and subsequently engaging in a physical altercation with the victim. The victim and other witnesses identified Chadric Green as the individual who pulled a weapon out of his back pocket and fired five or six times into the air; the witnesses also saw a gun fall out of Green's pocket as he fought with the victim. Police recovered six .380 automatic shell casings from the scene. A warrant for Green's arrest was obtained and he was arrested in the late hours of October 29, 2014.
On July 7, 2016, Green was charged by third amended bill of information with one count of possession of a firearm by a convicted felon or carrying a concealed weapon, in violation of La. R.S. 14:95.1, after having been previously convicted of simple burglary in DeSoto Parish in Docket No. 08-CR-17320, on January 14, 2009.
In four pretrial court appearances in 2016, Green refused appointed counsel and asserted his constitutional right to represent himself. The trial court ultimately assigned standby counsel to assist Green as needed. On the day of trial, however, Green insisted that standby counsel was not going to be of any help to him because he did not trust him. Thereafter, Green proceeded to trial on July 27, 2016, and conducted voir dire and questioned the state's four witnesses on his own behalf.
These four witnesses were present at the gathering of people in or near the pasture on October 29, 2014. The victim, Billy Layton, heard five gunshots, saw Green put a gun in his back pocket, point a gun at him after the two fought, and carry the gun in his hand after the altercation. Layton also heard Green threaten to "pop" another individual. Jasmine Green and Treshawn Walker both testified they saw Green with a gun. Davonte Murphy saw Green fire a handgun multiple times into the air and a gun fall out of Green's pocket as he scuffled with Layton.
On the second day of trial, the trial court was notified that Green was absent from court and that standby counsel had unsuccessfully attempted to reach him. The trial judge issued an arrest warrant. Upon Green's absence for approximately another hour, the trial judge ruled that trial would proceed in accordance with La. C. Cr. P. art. 832. The trial judge allowed standby counsel to leave, but ordered that he be available until a verdict was reached.
The trial judge informed the jury of Green's absence, explaining that it was assumed to be voluntary as he was present for the first day of trial and failured to notify anybody that he would be late. The trial judge apprised the jury that officials continued to search for Green. The trial judge read La. C. Cr. P. art. 832 as authority for the trial to proceed and reminded the jury that Green's absence did not change the presumption of innocence.
The state completed its case with the testimony of four additional witnesses, including the investigating police officer who found the six shell casings at the crime scene and collected statements from eyewitnesses. A firearms instructor with the DeSoto Parish Sheriff's department confirmed that the markings on the shell casings were fired from a firearm and not an air pistol. The state's final two witnesses offered proof of Green's identity in the prior felony conviction. After a short deliberation, the jury returned a unanimous verdict of guilty.
Following his return to custody on January 6, 2017, Green filed a pro se motion *1108 for post-verdict judgment of acquittal on the grounds of insufficient evidence to convict him, which was denied by the trial court on February 23, 2017. Green appeared for and represented himself at sentencing on March 1, 2017, without standby counsel, when the trial court denied his oral pro se motion for new trial on the grounds of insufficient evidence to convict him.[1] Green did not request the assistance of counsel. After hearing arguments from the state and Green regarding sentencing, and considering a presentence investigation report, the trial court sentenced Green to 14 years at hard labor without benefits and imposed a $1,000 fine. This appeal ensued.
DISCUSSION
Sufficiency of the Evidence
In his first assigned error, Green argues that the evidence was insufficient to convict him, solely on the grounds that the state failed to prove his identity as the same person previously convicted of simple burglary, a necessary element of the charged offense.[2]
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) ; State v. Tate , 2001-1658 (La. 05/20/03), 851 So.2d 921, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004) ; State v. Stephens , 49,680 (La. App. 2 Cir. 05/20/15), 165 So.3d 1168 ; State v. Crossley , 48,149 (La. App. 2 Cir. 06/26/13), 117 So.3d 585, writ denied , 2013-1798 (La. 02/14/14), 132 So.3d 410. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford , 2005-0477 (La. 02/22/06), 922 So.2d 517 ; State v. Stephens, supra ; State v. Crossley, supra. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442.
La. R.S. 14:95.1 provides that it is unlawful for any person who has been convicted of simple burglary to possess a firearm or carry a concealed weapon. To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. State v. Castor , 50,512 (La. App. 2 Cir. 04/13/16), 194 So.3d 668.
The burden is on the state to prove the existence of the prior felony convictions. In the area of establishing a defendant's previous conviction identity, courts have recognized various methods that may be used to carry this burden of proof, such as testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver's license numbers, sex, race and date of birth. State v. Westbrook , 392 So.2d 1043 (La. 1980) ;
*1109 State v. Jones , 41,429 (La. App. 2 Cir. 09/27/06), 940 So.2d 131, writ denied , 2006-2769 (La. 09/14/07), 963 So.2d 394 ; State v. Blackson , 38,044 (La. App. 2 Cir. 01/28/04), 865 So.2d 272. The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. State v. Watson , 40,059 (La. App. 2 Cir. 09/21/05), 911 So.2d 396 ; State v. Blackson, supra.
However, the jurisprudence holds that photographs contained in duly authenticated court records is sufficient proof of identity in themselves without the evidence of fingerprints. State v. Curtis , 338 So.2d 662 (La. 1976) ; State v. Hardy , 174 La. 458, 141 So. 27 (1932) ; State v. Callier , 39,650 (La. App. 2 Cir. 07/27/05), 909 So.2d 23, writ denied , 2006-0308 (La. 09/01/06), 936 So.2d 196. See also, State v. Hongo , 625 So.2d 610 (La. App. 3 Cir. 1993), writ denied , 631 So.2d 1163 (La. 1994). Further, the quality and content of time the trier of fact has to observe the defendant and compare him with the photograph is a factor to consider in determining whether the state has met its burden of proof. State v. Curtis, supra ; State v. Hongo, supra. See also, State v. Thomas , 27,504 (La. App. 2 Cir. 11/01/95), 662 So.2d 798.
The rule of idem sonans is that absolute accuracy in spelling names is not required in a legal document or proceedings either civil or criminal. If the name, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced, the name there given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error. State v. Bennett , 517 So.2d 1115 (La. App. 1 Cir. 1987), writ denied , 523 So.2d 1335 (La. 1988). See also, State v. Foster , 164 La. 813, 114 So. 696 (La. 1927) ; State v. Hattaway , 180 La. 12, 156 So. 159 (La. 1934) ; State v. Gipson , 28,113 (La. App. 2 Cir. 6/26/96), 677 So.2d 544, writ denied , 1996-2303 (La. 1/31/97), 687 So.2d 402 ; State v. Leboeuf , 2016-0810 (La. App. 1 Cir. 10/28/16), 2016 WL 6330439, writ denied , 2016-2126 (La. 9/15/17), 225 So.3d 477.
In this case, in order to satisfy the burden of proof regarding Green's identity, the state presented the testimony of Sydney Sparks, a clerk with the criminal division of the DeSoto Parish Clerk of Court's office, the official custodian of public records. Sparks identified State's Exhibits S-2 and S-3, which were certified copies of the March 19, 2008 bill of information and case minutes from Green's prior conviction for simple burglary in DeSoto Parish Docket No. 08-CR-17320.[3] Sparks read the redacted bill of information and the full case minutes aloud to the jury. According to Sparks, the bill of information, dated March 19, 2008, listed the name Chadric L. Green, with an address of 174 James Lane, Mansfield, Louisiana 71052, and date of birth of September 24, 1976. The case minutes for case No. 08-CR-17320, show that on March 19, 2008, Chadric L. Green appeared and was represented by counsel. Green was advised of his rights, pled guilty to simple burglary and was sentenced to one year at hard labor. The minutes state that pursuant to a plea agreement, a second charge was dismissed and the state declined to charge Green as a habitual offender. Both exhibits were admitted into evidence. Sparks testified *1110 that these documents were "the same" with a case on another incident on "this bill of information."
Lieutenant Phillip Daniels, with the patrol division of the DeSoto Parish Sheriff's Department, testified that he maintained the booking process records that included the booking cards containing fingerprints and photographs completed upon an arrest of an individual. Lt. Daniels identified State's Exhibit 4 as a certified copy of a booking card for an individual named Chadric L. Green. The card contained social security number XXX-XX-XXXX, a date of birth of September 24, 1976, and described Green as a black male, 5'7?, weighing 166 lbs., with brown eyes and black hair. According to Lt. Daniels, the card contained digital fingerprints and a photo of the defendant who was arrested on January 9, 2008, for a charge of simple burglary. State's Exhibit S-4 was admitted into evidence and published to the jury.[4]
Based upon the jurisprudence noted above, we find that in this case, Green's photograph is alone sufficient to prove his identity. Green's representation of himself during both voir dire and the first day of trial gave the jury a unique opportunity to view him, focus on his features and compare his photograph from the prior offense with his appearance at the present trial. Even so, we find that the record otherwise sufficiently links Green to the previous offense. Green's date of birth and address appear on the present charging instrument and are identical to the information provided through Sparks' testimony relating to the predicate conviction. Despite the prosecutor's inartful examination of Sparks regarding the prior case and "this bill of information," Sparks clearly identified the information as being "the same." Any different spelling of Green's forename is merely idem sonans because the addition of the silent "k" at the end of Chadric does not change the sound thereof and is a proper designation. State v. Foster, supra, State v. Hattaway, supra ; State v. Gipson, supra ; State v. Leboeuf, supra ; State v. Bennett, supra. For these reasons, we find that the totality of proof provides a sufficient link between the two offenses and establishes the necessary element of possession of a firearm by a convicted felon. Thus, this assignment of error is without merit.
Green next argues that the trial court erred by not declaring a mistrial due to his absence from the second day of trial when Sparks referenced other crimes evidence, including the fact that a second charge was dismissed and that the state declined to charge Green as a habitual offender. Green contends that there was no one to act on his behalf or to protect his right to a fair trial by objecting to these prejudicial remarks and moving for a mistrial.
A defendant has a Sixth Amendment right to conduct his own defense by making a knowing and voluntary waiver of his right to counsel and thereby asserting his right to represent himself. Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). The trial court may, but is not required to appoint standby counsel, who may assist the pro se defendant. Id.
La. C. Cr. P. art. 831 states that a defendant charged with a felony shall be present at all proceedings when the jury is present, when the court is determining and ruling on the admissibility of evidence, and at the rendition of the verdict or judgment, unless he voluntarily absents himself.
*1111 Further, La. C. Cr. P. art. 832 provides:
A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and he voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial.
The admissibility of other crimes or bad acts is governed by La. C.E. art. 404(B). State v. Prieur , 277 So.2d 126 (La. 1973). A defendant who makes no contemporaneous objection to the introduction of evidence of other crimes and fails to move for mistrial waives the right to cite introduction of evidence of other crimes as error on appeal. State v. Smith , 535 So.2d 786 (La. App. 2 Cir. 1988). Likewise, a defendant who fails to object to other crimes evidence introduced during trial, waives the error on appeal. State v. Ruiz , 06-1755 (La. 04/11/07), 955 So.2d 81 ; State v. Lilley , 43,467 (La. App. 2 Cir. 09/17/08), 996 So.2d 348, writ denied , 2008-2514 (La. 05/15/09), 8 So.3d 582.
In this matter, Green exercised his Sixth Amendment right to waive his right to counsel and represent himself at trial. Thus, he assumed the burden to make any necessary contemporaneous objections on his behalf, including an objection to prejudicial remarks made during his absence, or move for a mistrial based upon that evidence. Green's choice to voluntarily absent himself from trial when the alleged error occurred created a situation of his own choosing that included the release of standby counsel and the continuation of trial without him. Because no contemporaneous objection to the alleged other crimes evidence was made or mistrial sought, the issue was not preserved for review on appeal. This assignment is also without merit.
Error Patent
In this case, Green was sentenced immediately following the denial of his oral motion for new trial. There is no showing on the record that he waived the 25-hour delay required by La. C. Cr. P. art. 873. Nevertheless, the maximum sentence was not imposed and a presentence investigation report was ordered, of which the defendant was notified, and reviewed by the trial court. Further, considering the substantial amount of time that elapsed between Green's conviction and sentence, and because Green does not complain about the error or raise an excessive sentence claim, we find the error to be harmless. State v. Kisack , 2016-0797 (La. 10/18/17), --- So.3d ----, 2017 WL 4681356 ; State v. Augustine , 555 So.2d 1331 (La. 1990) ; State v. White , 404 So.2d 1202 (La. 1981).
CONCLUSION
For the foregoing reasons, Green's conviction and sentence are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, MOORE, GARRETT, STONE and BLEICH, JJ.
Rehearing denied.

The waiver of counsel at trial carries through to subsequent proceedings unless the defendant expressly requests that counsel be appointed for subsequent proceedings. State v. Carpenter , 390 So.2d 1296 (La. 1980) ; State v. Franklin , 43,173 (La. App. 2 Cir. 9/17/08), 996 So.2d 387, writ denied , 2008-2371 (La. 5/22/09), 9 So.3d 138.

The eyewitness testimony was sufficient to prove Green's possession of a firearm.

State's Exhibit S-3, which was published to the jury, is a redacted version of Exhibit S-2 that excluded reference to a charge that was later dismissed. The exhibits spell Green's first name as "Chadrick," but the trial transcript shows his name as "Chadric," the name utilized here.

State's Exhibit 4 also lists Green's forename as "Chadrick" and actually lists the date of Green's arrest as January 19, 2008.