Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,411-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Plaintiff-Appellee

versus

DASHONE GIBSON                        Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 383,463

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLANT PROJECT          Counsel for
By: Christopher Albert Aberle        Defendant-Appellant

JAMES EDWARD STEWART, SR.            Counsel for
District Attorney                    Plaintiff-Appellee

JASMINE CARLETTE COOPER
ALEXANDRA PORUBSKY
Assistant District Attorneys

* * * * *

Before STONE, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

The defendant, Dashone Gibson, was charged by bill of information with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Following a trial, a unanimous jury found the defendant guilty as charged. He was sentenced to serve six years at hard labor without the benefit of probation, parole, or suspension of sentence. For the following reasons, we affirm.

## FACTS

On June 11, 2021, two officers of the Louisiana State Police Department, Troopers Richard Lopez and Joseph Jones, were patrolling in a marked vehicle; they stopped at a red light at the intersection of Linwood Avenue and 75th Street in Shreveport, Louisiana. The defendant, Dashone Gibson, pulled up next to the officers in his vehicle. After observing the defendant operating his cell phone while driving, the officers decided to conduct a traffic stop.

Trooper Lopez approached the defendant's vehicle and informed him he was stopped for suspicion of texting and driving. The defendant denied texting, but he admitted he had used his cellphone to answer a phone call using the Facebook application. During the interaction, Trooper Lopez observed what appeared to be a holstered handgun wedged between the front seat and the center console. The officer also noticed the defendant appeared to be nervous and was avoiding eye contact with him.

Based on the presence of the weapon and the defendant's behavior, Trooper Lopez conducted a criminal background check and learned the defendant had a 2017 conviction for simple burglary in DeSoto Parish. Trooper Lopez advised the defendant of his *Miranda* rights and asked him if

he was the person convicted of simple burglary in 2017. The defendant initially admitted to the prior conviction, but he later expressed uncertainty about the conviction; he only recalled having "to pay a lot of stuff."

Meanwhile, the defendant gave Trooper Jones consent to search his vehicle. During the search, the officers discovered the gun located between the front seat and the center console was, in fact, a BB gun. However, the officers searched the trunk of the vehicle and discovered a Mossberg 500 shotgun. The defendant admitted to being the owner of the shotgun, stating that he kept the gun for protection.[1]

The defendant was placed under arrest and was subsequently charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. Following the trial, a unanimous jury found the defendant guilty as charged of possession of a firearm by a convicted felon. The trial court denied the defendant's motions for new trial and post-verdict judgment of acquittal. The defendant was sentenced to serve six years at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with any other sentence he may be serving. The defendant's motion to reconsider sentence was denied.

The defendant appeals.

### DISCUSSION

The defendant contends the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon. He argues the State failed show he was a convicted felon because the State did not prove

---

[1] The officers also found 3.5 grams of marijuana in the center console of the vehicle.

he was the same person identified as "Dashone Gibson a/k/a Dashoone Gibson," who was convicted for simple burglary in 2017 in DeSoto Parish.

The standard of appellate review for a sufficiency of the evidence claim is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold*, 603 So. 2d 731 (La. 1992); *State v. Smith*, 47,983 (La. App. 2 Cir. 5/15/13), 116 So. 3d 884. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a means to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224, *writ denied*, 17-2174 (La. 10/8/18), 253 So. 3d 797.

The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442.

At the time of the commission of the offense, La. R.S. 14:95.1 provided:

> It is unlawful for any person who has been convicted of *** a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary *** to possess a firearm or carry a concealed weapon.

To convict a defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of

3

the ten-year statutory period of limitation; and (4) general intent to commit the offense. *State v. Thomas*, 52,617 (La. App. 2 Cir. 5/22/19), 272 So. 3d 999, *writ denied*, 19-01045 (La. 2/10/20), 292 So. 3d 61.

The burden is on the State to prove the existence of the prior felony convictions. In the area of establishing a defendant's previous conviction identity, courts have recognized various methods that may be used to carry this burden of proof, such as testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver's license numbers, sex, race, and date of birth. *State v. Westbrook*, 392 So.2d 1043 (La. 1980); *State v. Green*, 51,784 (La. App. 2 Cir. 1/10/18), 245 So. 3d 1105; *State v. Jones*, 41,429 (La. App. 2 Cir. 9/27/06), 940 So. 2d 131, *writ denied*, 06-2769 (La. 9/14/07), 963 So. 2d 394. The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. *State v. Watson*, 40,059 (La. App. 2 Cir. 9/21/05), 911 So. 2d 396; *State v. Green*, *supra*.

When the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. Positive identification by one eyewitness or victim may suffice to support a conviction. *State v. Grant*, 55,722 (La. App. 2 Cir. 8/28/24), 399 So. 3d 716; *State v. Hughes*, 05-0992 (La. 11/29/06), 943 So. 2d 1047. It is the factfinder who weighs the respective credibility of the witnesses, and this Court will generally not second-guess those determinations. *Id*.

In *State v. Grant*, *supra*, the defendant was found guilty of a myriad of offenses, including possession of a firearm by a convicted felon. The defendant appealed his conviction for possession of a firearm by a convicted felon, arguing the State failed to sufficiently prove that he was the same "Ramon Grant" who committed the predicate offense in Texas. More specifically, the defendant argued the State failed to introduce into evidence the defendant's date of birth, driver's license, or social security number, or a photograph of the defendant in the Texas case.

In the instant case, to satisfy its burden of proving the defendant's identity as the person convicted of simple burglary in DeSoto Parish in 2017, the State presented the testimony of Trooper Richard Lopez, who participated in the traffic stop of the defendant, and Agent Brandon Thompson, a probation officer who supervised the defendant's probation for an unrelated offense.

Trooper Lopez testified as to the events that took place during the traffic stop. He also testified regarding the process for verifying the defendant's identity. He stated as follows:

> We have laptops in our – in our units, so we're able to run their driver's license, their name, criminal history, stuff like that and – and it'll come up with a picture that we can then compare to who we're – the person that we're talking to.

Trooper Lopez positively identified the defendant as the person he encountered during the traffic stop and "identified that day as Dashone Gipson[.]" The video footage from Trooper Lopez's police-issued body camera was played during his testimony. The video depicted the officer asking the defendant whether he had been convicted of simple burglary in 2017, and defendant initially verified that he was.

5

Brandon Thompson of the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, testified he was the defendant's current probation officer for an unrelated offense. He also testified that his job is to supervise felony offenders, and his job duties required him to keep track of offenders who "are under supervision and when they come off of supervision." Thompson stated he was familiar with court documents such as bills of information and court minutes, and he identified the certified copies of the bill of information and court minutes from the 2017 guilty plea and sentencing hearings; the documents were introduced into evidence. Thompson reviewed the court documents from DeSoto Parish and identified the defendant as the person who was convicted of simple burglary in DeSoto Parish in 2017.

According to Thompson, the defendant was charged by bill of information with simple burglary committed on or about March 30, 2017. Thompson also read from the court minutes from the 2017 offense and noted the defendant pled guilty to the charge of simple burglary. The minutes also reflected that the defendant was sentenced to serve three years in the parish jail with one year suspended and was placed on supervised probation for a period of three years. Thompson testified he did not supervise the defendant's probation for the 2017 simple burglary conviction; however, he had knowledge of the prior conviction, and he was aware that the defendant successfully completed his probation for the conviction.

After thoroughly reviewing this record and the related jurisprudence, we find the evidence was sufficient to prove the defendant's identity as the person who pled guilty to simple burglary in DeSoto Parish in 2017. Trooper Lopez conducted a criminal background check and confirmed that

6

the defendant had been convicted of simple burglary in DeSoto Parish in 2017. Further, when questioned during the traffic stop, the defendant initially affirmed his prior conviction, but he quickly attempted to back away from the admission by stating he only recalled having to "pay a lot of stuff." The defendant's statements to the officers also revealed his knowledge that he was a convicted felon because he admitted his brother purchased the gun for him. The jury was able to review the video footage from Trooper Lopez's interactions with the defendant and was able to make a determination based on the evidence presented.

Moreover, although Thompson did not supervise the defendant for the 2017 conviction, he was supervising the defendant's probation for an unrelated offense, and he had knowledge of the defendant's criminal background. Thompson was able to review the court documents from the 2017 conviction and confirmed the defendant's identity as the offender in that case. The jury apparently accepted Thompson's testimony that he had verified the defendant's identity during his period of supervision and that he was able to confirm the defendant was the same person identified in the court records from DeSoto Parish.

The jury heard the testimony from the witnesses and reviewed the footage captured by the officer's body camera. The jury was free to make a credibility determination as to the defendant's identity as a previously convicted felon. As noted above, great deference is given to a factfinder's decision to accept or reject the testimony of a witness in whole or in part; this Court will not reexamine the credibility of a witness or reweigh the evidence presented.

Therefore, in viewing the evidence in the light most favorable to the prosecution, we find that the totality of the evidence was sufficient to prove that the defendant was the same "Dashone Gibson a/k/a Dashoone Gibson," who pled guilty to simple burglary in 2017 in DeSoto Parish. Accordingly, the State met its burden of establishing that the defendant was a convicted felon, which is a necessary element of possession of a firearm by a convicted felon. This assignment lacks merit.

## CONCLUSION

For the reasons set forth herein, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**