888 So.2d 971 (2004)
STATE of Louisiana, Appellee
v.
Freddie WILLIAMS, Appellant.
No. 38,878-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2004.
*972 Louisiana Appellate Project by Kenota Pulliam Johnson, for Appellant.
Freddie Williams, Pro se.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
Freddie Williams ("Williams") pled guilty to armed robbery and received a sentence of 50 years at hard labor, 5 years of which was imposed without benefit of probation, parole, or suspension of sentence. He appeals asserting that his sentence is excessive. Although we find that the sentence is not excessive, we do find that it is illegally lenient. Thus, for the reasons that follow, we reverse and remand.

FACTS
On November 26, 2002, at 3:00 in the afternoon, three men entered Security Finance in Minden, Louisiana. Gentry Johnson ("Johnson") carried a Hypoint . 380 handgun. Herbert Wilson ("Wilson") and Williams accompanied Johnson. Johnson grabbed the clerk and struck her in the face. He then demanded money, and the clerk showed the assailants the money drawer. Wilson grabbed the money. Williams had entered carrying duct tape, *973 apparently to bind anyone, but only one victim was present in the finance office. The men were observed not only by that victim, but by Detective Wayne Chandler of the Minden Police Department. Detective Chandler was investigating a suspected stolen vehicle when he observed the beginning of the robbery. He entered the store and arrested all three robbers at gunpoint. Johnson and Wilson made statements admitting their involvement in the robbery, but Williams elected not to make any statement.
On August 11, 2003, Williams entered a guilty plea to the armed robbery charge, in return for an agreement by the State of Louisiana to dismiss charges of conspiracy to commit armed robbery, possession of a firearm by a convicted felon, and felony theft from a jewelry store. After a full recitation of rights and a waiver thereof, Williams admitted his involvement in the commission of the armed robbery, and pled guilty. He indicated that he was satisfied with his lawyer's representation and entered the plea voluntarily. He was then sentenced to 50 years at hard labor, 5 years of which was imposed without benefit of probation, parole or suspension of sentence. This appeal ensued.

DISCUSSION

Excessive Sentence
Williams complains that the imposed sentence of 50 years is excessive. Because he did not file a motion to reconsider the sentence, Williams is relegated to having this court consider a bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280.
We find that the sentence is not excessive. At sentencing on December 1, 2003, the trial court noted that Williams' counsel had done more than an adequate job, because Williams' criminal history indicated that he should be going to the penitentiary for the rest of his natural life. Moreover, Williams obtained a substantial benefit from the dismissal of the other charges, and from any agreement to not file a habitual bill.
The trial court adverted to Williams' juvenile and criminal history, which included arrests in 1995 for possession of a Schedule II CDS and distribution of counterfeit schedule II CDS, both of which were dismissed, as well as arrests for simple theft and simple battery, for which he was sentenced to jail time. In 1996 he was convicted for possession with intent to distribute and received a 4-year hard labor suspended sentence and 2 years probation, which was later revoked after a parole *974 violation. In 1997, he was sentenced to a hard labor sentence for armed robbery in Caddo Parish. He was again placed on parole, which was also revoked. He also had numerous traffic violations.
The trial court referred to Williams' failure to respond to probation, and his failure to successfully complete parole. The trial court concluded that any lesser sentence would deprecate the seriousness of the offense. This articulation is adequate to support the sentence imposed. Thus, the sentence is not constitutionally excessive.

Illegal Sentence
Although we find that the sentence imposed is not excessive, we do find that it is illegally lenient for the crime of armed robbery.
The sentence for armed robbery under La. R.S. 14:64 is:
§ 64. Armed robbery
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
The trial court imposed a sentence of 50 years at hard labor, with only 5 years of which to be served without benefit of parole, probation, or suspension of sentence. This sentence is in error because the statute mandates that the entire sentence must be served without benefits.
If the trial court is silent about the statutory restrictions on the sentence, the statute mandates that the Department of Corrections apply the restrictions, and the error is self-correcting. However, if there is discretion about what portion of any sentence may or may not be subject to restriction, the trial court has to exercise that discretion.
We find that the sentence imposed is not self correcting. The controlling statutory authority for self-correction of an erroneous sentence is found in La. R.S. 15:301.1, which provides:
§ 301.1. Sentences without benefit of probation, parole, or suspension of sentence; correction
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal *975 sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
This article has been interpreted by the Louisiana Supreme Court in State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790 as follows:
Paragraph A of La. R.S. 15:301.1 addresses those instances where sentences contain statutory restrictions on parole, probation or suspension of sentence. See e.g.: La. R.S. 14:64 (armed robbery); La. R.S. 15:529.1(A)(2)(b)(ii) (third felony offenders convicted of a crime of violence); La. R.S. 14:44 (aggravated kidnapping); or those with specified, but limited, restrictions on the eligibility for parole, probation and suspension of sentence (La. R.S. 14:51) (aggravated arson, "[t]wo years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence."); La. R.S. 14:98(D)(1)(operating a vehicle while intoxicated, third offense, "[a]t least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence."). In instances where these restrictions are not recited at sentencing, La. R.S. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self- activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Williams, at 798-99.
In the instant case, the trial court did not fail to pronounce the restriction, but it erred in imposing a sentence that only applied the statutory restriction of "without benefits" to a portion of the sentence. This error does not fall into the "failure to apply  self correcting" category. We cannot determine whether the trial court would have imposed a 50 year sentence had it understood that the entire sentence was to be served without benefits. Therefore, we decline the opportunity to step into the province of the discretion of the trial court as it relates to the sentence to be imposed in this instance. Consequently, we reverse the sentence and remand this matter to the trial court for re-sentencing.

CONCLUSION
For the reasons expressed above, we find that the trial court imposed an illegally lenient sentence, and we reverse and remand for re-sentencing.
REVERSED AND REMANDED.