PEATROSS, J.
|, On November 26, 2002, Defendant/Appellant, Freddie Williams (“Defendant”), and two accomplices robbed the Security Finance Store in Minden, Louisiana. Defendant was arrested and charged with armed robbery. The State agreed to dismiss other pending charges and not pursue a habitual offender bill against Defendant if he pled guilty to one count of armed robbery. Defendant pled guilty to one count of armed robbery on August 11, 2003, and, on December 1, 2003, was sentenced to serve 50 years at hard labor, 5 years of which was to be served without benefits.
Defendant appealed, arguing that his sentence was constitutionally excessive; and, on October 29, 2004, this court found that it was not excessive, but, rather, that it was too lenient.[1] The case was remanded to the trial court for re-sentencing; and, on January 10, 2005, Defendant was re-sentenced to 25 years at hard labor, without benefit of parole, probation or suspension of sentence.[2]
No Motion to Reconsider was filed by Defendant or his attorney. The parties’ briefs indicate, and the record supports, that Defendant’s court-appointed attorney reviewed the record thoroughly and could not find any trial court error, nor any frivolous issues on which she could appeal. Defendant now appeals his (second) sentence as excessive and his attorney files a Motion to Withdraw from the case. For the reasons set forth herein, we affirm the trial court’s ruling and grant counsel’s Motion to Withdraw.

DISCUSSION

[«>The court-appointed trial counsel for Defendant filed a motion to appeal the sentence he received for armed robbery on remand. Defendant’s court-appointed appellate attorney filed a brief and motion in this court stating that she had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal, citing Anders v. State of Cal., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history, attorney’s brief provided an assessment of whether the appeal was worth pursuing. See State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders supra, Mouton, supra, and Benjamin, supra, defense counsel also notified Defendant of his right to file a pro se brief and sought to withdraw from the case. This court held the Motion to Withdraw in abeyance and advised Defendant of his right to file an appellate brief within 30 days of the July 7, 2005 order. Defendant did not respond to this court’s notice.
*143 The record of Defendant’s previous appeal contains minutes of the court proceedings, the bill of information and transcripts of both the guilty plea and sentencing hearings. Defendant was charged by an amended bill of information which was signed by an assistant district attorney. Defendant was present in court and represented by counsel at all important stages of the proceedings. A review of the transcript revealed there was a factual 1¡¡basis for the guilty plea and that Defendant was properly advised of his rights.
Defendant filed a Motion to Reconsider Sentence after his initial sentence was rendered by the trial court. Although he failed to file a (second) Motion to Reconsider Sentence, the question of exces-siveness in a subsequent appeal of the second sentence is preserved because of the initial filing of the first motion. State v. Krogh, 620 So.2d 1324 (La.1993); State v. Tomlinson, 29,355 (La.App.2d Cir.2/26/97), 690 So.2d 946, writ denied, 03-0975 (La.4/8/04), 870 So.2d 265. Accordingly, we will consider the constitutionality of Defendant’s sentence.
A sentence is considered grossly disproportionate under State Constitution if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. La. Const. Art. 1, § 20. A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165. We note here that, at (his first) sentencing, the trial court stated:
After a full recitation of rights and a waiver thereof, [Defendant] admitted his involvement in the commission of the armed robbery, and pled guilty. [Defendant] indicated that he was satisfied with his lawyer’s representation and entered the plea voluntarily. (Emphasis ours.)
14Pefendant originally faced a sentence range of 99 years without benefits. Upon re-sentencing, he faced a sentencing exposure of up to 50 years at hard labor without benefit of parole, probation or suspension of sentence. The trial court then imposed a sentence of 25 years without benefits. In our view, considering the language of La. Const. Art. 1, § 20, supra, this sentence does not shock our sense of justice, nor does it appear to be disproportionate to the crime committed.
We further note, as pointed out in defense counsel’s Motion to Withdraw, that there are no significant factors to consider here which would mitigate this sentence. Although Defendant was charged with armed robbery while using a firearm and conspiracy to commit armed robbery, had a theft charge pending and was being investigated for another robbery, he was allowed to enter a plea to only armed robbery. Further, he was serving another armed robbery sentence and has been allowed to serve this term concurrent to that sentence. Accordingly, it is our view that Defendant received great benefit from his plea bargain and we see no error in the trial court’s ruling.

ERROR PATENT REVIEW

Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm Defendant’s conviction and sentence. Appellate counsel’s Motion to Withdraw is granted.

*144
\ .CONCLUSION

For the reasons set forth in this opinion, the conviction and sentence of Defendant, Freddie Williams, are affirmed and defense counsel’s Motion to Withdraw is granted.
AFFIRMED; MOTION TO WITH DRAW GRANTED.

. See State v. Williams, 38,878 (La.App.2d Cir. 10/29/04), 888 So.2d 971.

. This sentence was to be served concurrent with any other sentence Defendant was serving. The record indicates that Defendant was serving a 60-year sentence for armed robbery in another jurisdiction at the time of sentencing.