GARRETT, J.
| following a jury trial, the defendant, Spencer Vardaman Stephens, was convicted as charged of possession of a firearm by a convicted felon. The trial court sentenced the defendant to 12 years at hard labor, the first 10 years to be served without benefit of parole, probation or suspension of sentence. A fine of $1,000 was also imposed. The defendant appeals, asserting that the evidence was insufficient to convict him. We affirm the defendant’s conviction. However, we vacate the defendant’s sentence and remand for resentenc-ing.
FACTS
On March 18, 2013, two law enforcement officers from the Caddo Parish Sheriffs Office (CPSO) observed the defendant and his brother, Eric Stephens, sitting in a car belonging to their older brother, Sebraun[1] Stephens, in a driveway by a vacant lot in the Mooretowri neighborhood in Shreveport. Eric was seated in the driver’s seat while the defendant, who is paralyzed from the waist down, was in the front passenger seat. As they approached the car from the rear, one of the officers saw an empty gun holster on the back seat. After detecting the smell of marijuana when Eric opened his door, the officers ordered the men out of the car. After the officers’ were informed of the defendant’s disability, his wheelchair was retrieved from the car trunk by Eric and' one of the officers. A pat-down search revealed a small amount of marijuana in the defendant’s pocket. After the men were removed from the vehicle, a loaded .380 caliber Smith & Wesson handgun and a small weighing scale were found just under the 12front passenger seat. After determining that the defendant had previously been convicted of possession of cocaine, the officers arrested him on a charge of possession of a firearm by a convicted felon.
In February 2014, the defendant, who was represented by retained counsel, was convicted as charged by a jury. His motion for post-verdict judgment of acquittal and two motions for new trial were denied. Additionally denied was his motion in arrest of judgment. After obtaining a pre-sentence investigation report, the trial court sentenced the defendant to 12 years at hard labor; it ordered that 10 years of that sentence be served without benefit of parole, probation or suspension of sentence. The defendant was also ordered to pay a fine of $1,000, plus court costs, to be paid through Inmate Banking, or, in lieu of payment, to serve 60 days in the parish jail.
The defendant appealed, challenging the sufficiency of the evidence presented against him.
SUFFICIENCY OF EVIDENCE
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven be *1171 yond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tote, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Crossley, 48,149 (La.App.2d Cir.6/26/13), 117 So.3d 585, writ denied, 2013-1798 (La) s2/14/14), 132 So.3d 410. This standard, now legislatively embodied in La. C. Cr. P. art.* 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Crossley, supra.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299.
14Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra; State v. Crossley, supra.
To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Ray, 42,096 (La.App.2d Cir.6/27/07), 961 So.2d 607; State v. Drake, 45,172 (La.App.2d Cir.5/19/10), 37 So.3d 582, writ denied, 2010-1468 (La.1/14/11), 52 So.3d 899. Whether the proof is sufficient to establish possession under La. R.S. 14:95.1 turns on the facts of each case. Further, guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. State v. Johnson, 2003-1228 (La.4/14/04), 870 So.2d 995; State v. Heard, 46,230 (La.App.2d Cir.5/18/11), 70 So.3d 811, writ denied, 2011-1291 (La.12/2/11), 76 So.3d 1175.
Constructive possession of a firearm occurs when the firearm is subject to the offender’s dominion and control. Louisiana cases hold that a defendant’s dominion and control over .a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. However, mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and |ficontrol over the evidence and therefore had it in his constructive possession. State v. Johnson, supra; State v. Heard, supra.
In State v. Johnson, supra, a handgun was found on the floorboard of a vehicle, near where the defendant’s feet had been *1172 prior to his removal from the vehicle. Officers testified that they did not observe any furtive movements by any occupants of the vehicle. Testimony revealed that no one saw the defendant holding the gun, that no fingerprints were located on the gun, and that the vehicle did not belong to the defendant. Further, another occupant of the vehicle claimed ownership of the handgun six days after the defendant’s arrest and testified that she attempted to hide it prior to exiting the vehicle. The Louisiana Supreme Court held that the evidence was sufficient to prove.that the defendant was in possession of the handgun and that the possession was sufficient to sustain a conviction of possession of a firearm by a convicted felon.
TESTIMONY
At trial, the parties stipulated that the defendant had a 2007 conviction for possession of cocaine. The state presented the testimony of the two arresting officers, Agent John Witham and Sgt. Roderick Perry. They testified that they were on patrol when they noticed two people sitting in a parked car in a driveway by a vacant ■lot. They decided to stop and investigate. Agent Witham, who had been a narcotics investigator for 13 years, approached the driver’s side of the vehicle from the rear. He testified that his attention was mainly focused on the driver. However, he stated that he saw the defendant lean forward with his right hand down. He then heard |fiSgt. Perry twice command the car occupants to show him their hands; they complied. Agent Witham testified that he advanced to the driver’s door. Glancing into the car, he saw an empty gun holster on the back seat, which heightened his alertness.
Sgt. Perry, who had been a law enforcement officer for about 20 years, a narcotics investigator for 12 years, and a sergeant of the CPSO narcotics unit since 2009, testified that, as he and Agent Witham were initially approaching the car, he saw the defendant lean forward and his right shoulder go down. He stated that, from his vantage point between the front and back doors of the car, he could see the defendant’s hand go under the seat. It was at this point that Sgt. Perry drew his weapon as a safety precaution and ordered the car occupants to show him their hands. He held his gun at low ready, or in front of him and pointed down toward the car, not at the occupants. The defendant, who appeared startled, turned and looked at Sgt. Perry over his shoulder and put his hands out. According to Sgt. Perry, he then functioned as security while Agent Witham interacted with the car occupants as the case agent.
Agent Witham had the driver, Eric, exit the vehicle. When Eric opened his door, the officer smelled marijuana. Eric advised that his passenger, the defendant, was paralyzed from the waist down and required the use of a wheelchair, which was in the trunk of the car. Agent Wit-ham leaned through the driver’s side to conduct a pat down of the defendant. After he detected a slight bulge in the defendant’s left pants pocket, he inquired what it was. The defendant replied that it was a “little bit of |7weed.” The defendant’s wheelchair was retrieved from the trunk. After the defendant was removed from the car and seated in his wheelchair, Agent Witham read him his rights and arrested him for possession of marijuana. According to Agent Witham, they were going to release the car back to Eric, so they conducted a wingspan search of the vehicle before turning it back to him. At this point, a small weighing scale and a loaded .380 caliber Smith & Wesson handgun *1173 were discovered on the front passenger floorboard, just under the seat..
Both the defendant and Eric denied knowledge of the gun. They informed the agent that the car belonged to their older brother, Sebraun Stephens. When he asked about their criminal histories, the defendant admitted a conviction for possession of cocaine while Eric denied having any arrests or convictions. Eric informed him that Sebraun had an armed robbery conviction. Agent Witham phoned Se-braun, using a phone number supplied by Eric; Sebraun denied owning the gun. Thereafter, the agent arrested the defendant for possession of a firearm by a convicted felon.
The defense presented the testimony of three witnesses — the defendant, Eric, and their sister, Clalika Stephens. Eric, who was 19 years old at the time of trial, testified that he was attending college in Texas, and, at the time of his brother’s arrest, he had come to Shreveport because their grandmother had died. Although Eric was staying at the grandmother’s house, the defendant was staying at a hotel. When the defendant wanted to' go back to the hotel, Eric borrowed their brother Sebraun’s car to drive him. En route, they stopped to smoke a blunt. As they were rolling the blunt, [ sEric noticed the officers approaching in the rearview mirror. He only had time to tell the defendant that the officers were present before they came alongside the vehicle.
Eric testified that he had no knowledge of the gun under the seat. He did not see the defendant place it there, nor did he feel any such weapon on the defendant’s person when he lifted him from his wheelchair into the car. He also testified that the defendant would not have had sufficient time to move a weapon from his clothing to under the seat when the police approached.
Clalika Stephens testified that the gun belonged to her and that she left it in Sebraun’s car the night before the defendant’s arrest. She stated that she bought the gun off the street for protection in February 2013. However, she was unable to explain why she did not contact the police and admit ownership of the gun, especially during the three-day period when the defendant was jailed immediately after his arrest. Nor did she explain why she removed the gun from her purse and put it under the car seat. She also was unable to recall how many bullets were in it.
The 28-year-old defendant testified on his own behalf. He recounted being paralyzed from the waist down in a drive-by shooting in 2004. He stated that, due to a bullet in his spine, he could only sit up straight for a short period of time and that he tends to slouch over. He insisted that, as a victim of gun violence, he had no desire to be around guns. He stated that he is not in Sebraun’s car often and that he is never in the vehicle alone. He testified that, when the officers approached the car, he was only leaning | forward and that his hands never moved from his sides. He further stated that he had leaned over to roll the blunt and was holding it in his hand. The defendant testified that he fully complied' with the officers’ directions, answered all of their questions truthfully, and admitted having the marijuana.
DISCUSSION
In his sole assignment of error, the defendant asserts that the evidence was not sufficient to prove that he had the requisite intent to possess the gun through constructive possession.
*1174 The evidence presented at trial demonstrated that the defendant and his brother were the sole occupants when the police approached the car. The defendant was seated in the front passenger seat. Both officers testified that they saw the defendant lean forward as they drew near. Sgt. Perry, who had the better and closer vantage point of the two officers, testified that he observed the defendant place his hand under the seat. In opposition, the defendant testified that his hands never left his sides. Faced with this. direct conflict in the testimony, the jury assessed the witnesses’ credibility and obviously chose to believe the officer who stated that he saw the defendant making furtive movements in the area where the gun was found. It is also apparent that the jury did not credit the testimony of the defendant’s sister that the gun belonged to her.
Louisiana courts have upheld findings of constructive possession in similar cases. For example, in State v. Johnson, supra, the Louisiana Supreme Court upheld a conviction based upon the presence of a handgun | innear where the defendant’s feet had been, despite claims of ownership by another occupant of the vehicle. In State v. Webber, 99-23 (La.App. 5th Cir.7/27/99), 742 So.2d 952, the fifth circuit upheld a conviction on a charge of possession of a firearm by a convicted felon where a handgun was found on the passenger floorboard of a vehicle, despite contradictory testimony regarding whether or not the defendant was the sole occupant of the vehicle, which the defendant claimed to have borrowed.
When the evidence presented in this case is viewed in the light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, each element of the crime of possession of a firearm by a convicted felon. Accordingly, this assignment of error is meritless.
ERROR PATENT
La. R.S. 14:95.1 requires the imposition of a hard labor sentence “for not less than ten nor more than twenty years without the benefit of probation, ■ parole, or suspension of sentence.” Thus, the entire sentence imposed must be served without benefits. However, the trial court sentenced the defendant to 12 years at hard labor, with the first 10 years to be served without benefits. Since the trial court incorrectly applied the “without benefits” provision, as opposed to failing to apply it, this error does not automatically self-correct under La. R.S. 15:301.1. We cannot determine whether the trial court would have imposed a 12-year sentence upon this handicapped defendant had it realized that the entire sentence was to be served without benefits. Therefore, we decline the opportunity to step Ininto the province of the discretion of the trial court as it relates to the sentence to be imposed here. State v. Williams, 38,878 (La.App.2d Cir.10/29/04), 888 So.2d 971. We vacate the defendant’s sentence and remand the matter for resentencing.
CONCLUSION
The defendant’s conviction is affirmed. His sentence is vacated and the matter is remanded for resentencing in compliance with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. The record contains at least two different spellings of this name. In this opinion, we utilize the one found in the trial transcript.