Judgment rendered May 20, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,497-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                        Appellee

Versus

JEANELL LATRICE JACKSON                   Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 355053

Honorable Katherine Dorrah, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Holli Ann Herrle-Castillo

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON WALTMAN
TRINICIA S. LEONARD
Assistant District Attorneys

* * * * *

Before MOORE, COX, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal by defendant Jeanell Latrice Jackson arises from the First Judicial District Court, Caddo Parish, State of Louisiana, where she waived her right to a jury trial. Following a bench trial, Jackson was initially convicted of aggravated battery, and her motion for post-verdict judgment of acquittal was denied. However, the trial court granted Jackson's motion for post-verdict judgment modification and amended the verdict to guilty of second degree battery, a violation of La. R.S. 34.1. The trial court sentenced Jackson to five years at hard labor, suspended, and placed her on three years' active supervised probation. Jackson was also ordered to pay a fine of $200.00, court costs, and a $50.00 fee to the Indigent Defender's Office. The trial court further advised that Jackson would be sentenced to 30 days in jail for failure to pay.

Jackson now appeals, arguing the evidence was insufficient to convict her of second degree battery. For the following reasons, we affirm Jackson's conviction but conclude her sentence is illegal in two respects. Thus, we vacate Jackson's sentence and remand to the trial court for resentencing.

## FACTS

Jeanell Latrice Jackson was charged by bill of information with aggravated second degree battery, which was later amended to aggravated battery. The amended bill alleged this crime occurred on January 21, 2018, and Jackson committed a battery upon Henry Bradford with a dangerous weapon: hot grease. After Jackson waived her right to a jury trial, a bench trial commenced on June 20, 2019. There were two witnesses: the victim,

Henry Bradford, and the Shreveport Police Department investigating officer, Ron Richardson.

Evidence at trial showed that Bradford and Jackson were in a relationship and living together, along with three children, one of whom was the couple's child. Bradford testified at the time of the incident he was intoxicated, and he and Jackson "passed a few words," the content of which he could not recall at trial. However, Ofc. Richardson testified Bradford told him the argument revolved around cheating rumors. Bradford testified he could not recall what happened after the conversation, but that while he was standing outside, he was burned by grease and had to be hospitalized for "a little grease burn." Bradford testified he could not recall who put the grease on him, but "wasn't but two of us there, so—." Bradford stated he was not physically hurt by the burn but was emotionally hurt. Officer Richardson testified Bradford told him he and Jackson got into an altercation, and she splashed grease in his face. Officer Richardson recalled that Bradford expressed to the officer that he was in pain.

Following the burn, Bradford recalled he had trouble seeing, and he "stumbled" into the street. Someone provided him a ride to the hospital, but he could not remember who. Notably, there was no evidence that Jackson drove him to the hospital. While at the hospital, Bradford evidently was treated for his eye injury, spoke with Ofc. Richardson, and had photos taken; however, no medical records were introduced at the trial, so the precise extent of Bradford's medical condition was unestablished by the state. Bradford testified he had "fragments" and/or a "splatter of grease" in his eye and that medical providers put a cleaning solution in it. Bradford also testified he could not recall his conversation with Ofc. Richardson. The

2

state admitted the photographs taken of Bradford, a dark-skinned black man, which showed areas of pink discoloration on his face that Bradford testified he did not have prior to arriving at the hospital. When asked if the pink scars were caused by the grease, Bradford replied, "I imagine so." Bradford testified it took him four days to heal from his injury, but he did not have any type of surgery, did not take pain medication, and did not have follow-up treatment. The state also admitted photographs of the home Bradford and Jackson shared on the day in question as well as photos of Jackson.

After Ofc. Richardson spoke with Bradford, he went to the house Bradford and Jackson shared. He entered the home and observed what he observed to be grease on the living room floor.

At the conclusion of testimony, Jackson moved for a directed verdict, arguing the state had not excluded the possibility the incident was an accident and not a deliberate or specific act. Thus, Jackson argued, the state failed to prove specific intent. The state opposed the motion, arguing it had proved Jackson's motive for the attack: she thought Bradford was cheating on her and "dashed the hot grease in his face." The motion was denied. The trial court delayed ruling.

On July 10, 2019, the trial court found Jackson guilty as charged of aggravated battery. The trial court noted specifically the offense was a crime of violence, but wanted the minutes to reflect Jackson would be sentenced as if aggravated battery were not a crime of violence "so that probation would be available." Jackson moved for a post-verdict judgment of acquittal, which was denied. Then, Jackson moved for a post-verdict judgment modification for a lesser sentence, which the trial court granted, amending the verdict to guilty of second degree battery.

Subsequently, Jackson was sentenced. Prior to sentencing, the trial court noted Jackson was a candidate for probation and sentenced Jackson to five years at hard labor, suspended, and placed her on three years' supervised probation. The trial court explained she imposed this sentence because: Jackson did not have a significant criminal history; she was employed; she had been present for every court appearance; and, Bradford had significantly downplayed his injuries and did not want to see Jackson go to jail. Additionally, Jackson was also ordered to pay a $200.00 fine, court costs, and a $50.00 fee to the Indigent Defender's Office. The trial court further stated if Jackson failed to pay, she would be ordered to serve 30 days in jail.

This appeal by Jackson ensued, wherein she submits the evidence was insufficient to support her conviction.

## DISCUSSION

### *Legal Principles*

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 2001-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the

4

fact finder. *State v. Pigford*, 2005-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Jackson*, *supra*.

The *Jackson* standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Stephens*, 49,680 (La. App. 2 Cir. 5/20/15), 165 So. 3d 1168.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 1994-3116 (La. 10/16/95), 661 So. 2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Stephens*, *supra*.

Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Bailey*, 50,097 (La. App. 2 Cir. 9/30/15), 180 So. 3d 442.

Louisiana R.S. 14:34.1 provides, in part:

A. Second degree battery is a battery when the offender intentionally inflicts serious bodily injury [.]

＊ ＊ ＊ ＊

(3) 'Serious bodily injury' means bodily injury which involves unconsciousness, extreme physical pain or protracted and

5

obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

Second degree battery is a specific intent crime and, therefore, the evidence must show that the defendant intended to inflict serious injury. *State v. Fuller*, 414 So. 2d 306 (La. 1982); *State v. Thomas*, 52,617 (La. App. 2 Cir. 5/22/19), 272 So. 3d 999, *writ denied*, 2019-01045 (La. 02/10/20), ___ So. 3d ___; *State v. Linnear*, 44,830 (La. App. 2 Cir. 12/9/09), 26 So. 3d 303. Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. *State v. Thomas, supra*; *State v. Linnear, supra*. The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of this determination is to be guided by the standards of *Jackson v. Virginia, supra*. *State v. Jackson, supra*; *State v. Linnear, supra*.

*Analysis*

Here, the evidence shows Bradford presented to the hospital due to grease burns to his face. To convict Jackson of second degree battery, the state was required to prove three elements, evidence of which was presented to trial court.

First, the state was required to prove a battery was committed. Battery is the intentional use of force or violence upon the person of another. La. R.S. 14:33. In this case, Ofc. Richardson testified when he encountered Bradford at the hospital shortly after the incident, Bradford told him he had gotten into an argument with Jackson. When Ofc. Richardson asked

6

Bradford who had splashed grease in his face, Bradford responded Jackson had. While Bradford testified that while he could not remember exactly what transpired that evening, he did recall being burned by grease while he was outside of the home he shared with Jackson. Importantly, Bradford admitted there "wasn't but two of us there." Therefore, the evidence showed that a battery was committed by Jackson against Bradford, and this element was proved.

Second, the state was required to prove the battery to Bradford resulted in serious bodily injury, which, according to La. R.S. 14:2(C), involves: unconsciousness; extreme physical pain; protracted and obvious disfigurement; protracted loss or impairment of the function of a bodily member, organ, or mental faculty; or, a substantial risk of death. Here, the evidence showed that Bradford was injured seriously enough to be transported to the hospital. As a result of the injuries, he had trouble seeing after being burned; he had fragments in his eye; the skin on his face turned pink; and, it took him at least four days to recover. Accordingly, the state proved this element.

Finally, the state was required to prove specific intent. Specific intent is that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. *State v. Tate*, *supra*; *State v. Broadway,* 53,105 (La. App. 2 Cir. 1/15/20), 288 So. 3d 903. This element raises some questions and is the basis of Jackson's sole assignment of error.

A case with strikingly similar facts is *State v. Speed*, 43,786 (La. App. 2 Cir. 1/14/09), 2 So. 3d 582, *writ denied*, 2009-0372 (La. 11/6/09), 21 So. 3d 299. In that case, where there were no eyewitnesses, the male defendant also argued the evidence was insufficient to support his conviction, and the state failed to prove he had the requisite intent to commit a battery upon his female victim. The victim in *State v. Speed* was awakened by hot grease being poured onto her skin. The defendant was observed running away from the room. The victim suffered severe burns to her face, back, shoulders, and right hand, and it took her several months to recover. In *State v. Speed*, the victim did not want to pursue charges against the defendant. In fact, she testified she did not believe the defendant had intent to harm her, and he claimed the grease accidentally landed on her. However, evidence showed that the couple had previously argued about an affair the defendant accused the victim of having. Moreover, the investigating officer testified that immediately after the incident, and in her interview, the victim accused the defendant of throwing hot grease at her. The defendant's conviction for aggravated second degree battery was upheld in *State v. Speed*, with the conclusion the defendant had intentional criminal motive by retaliating against the victim for having an alleged affair.

Likewise, in this case, the trial court noted that Bradford significantly downplayed his injuries. It is clear from the testimony that he had reconciled with Jackson and did not want her to be penalized. Jackson appears to argue that the splashing of grease was accidental. However, there is no evidence that points to the incident as accidental. In fact, Bradford's initial statement to Ofc. Richardson was the couple argued about cheating, providing Jackson with the same motive as the defendant in *State v. Speed*.

Moreover, grease was found on the living room floor of their home, but Bradford testified he was burned outside the home. Significantly, the evidence does not indicate Jackson transported Bradford to the hospital. These facts tend to show that Jackson brought hot grease from the kitchen through the living room and outside the home to throw in Bradford's face, a fact supported by the photographs taken by investigators. Bradford's injuries were significant, thus the circumstances surrounding the incident indicate specific intent.

From this evidence, the trial court could have reasonably inferred that Jackson intentionally splattered hot grease on Bradford in retaliation for the alleged affair with the specific intent to inflict serious bodily injury. When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have rejected Jackson's claims that the incident was unintentional as unreasonable and found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, this assignment of error is without merit.

*Error Patent*

Our error patent review of the appellate record reveals that Jackson's sentence is illegal in two respects. First, the sentence is illegally lenient. Notably, a defendant in a criminal case does not have a constitutional or statutory right to an illegally lenient sentence. *State v. Williams*, 2000-1725 (La. 11/28/01), 800 So. 2d 790; *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *See State v. Williams*, *supra*; *State v.*

*Burns, supra*; *State v. Leday*, 2005-1641 (La. App. 3 Cir. 5/3/06), 930 So. 2d 286.

Specifically, Jackson's sentence is illegally lenient because the trial court suspended her sentence for second degree battery, which is a crime of violence as listed in La. R.S. 14:2. Such a suspension is prohibited by La. C. Cr. P. art. 893(2), which provides:

> The court shall not suspend the sentence of a conviction for an offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3, except a first conviction for an offense with a maximum prison sentence of ten years or less that was not committed against a family member or household member as defined by R.S. 14:35.3, or dating partner as defined by R.S. 46:2151. The period of probation shall be specified and shall not be more than five years.

Louisiana R.S. 14:35.3 defines a "household member," in pertinent part, as any person presently or formerly living in the same residence with the offender and who is involved or has been involved in a sexual or intimate relationship with the offender. Here, Jackson and Bradford admittedly lived together, thus the exception in La. C. Cr. P. art. 893(2) is inapplicable.

However, La. C. Cr. P. art. 890.3(A)(1) provides that the district attorney may make a written recommendation to the court that the offense should not be designated as a crime of violence for the purpose of the defendant's eligibility for suspension or deferral of sentence pursuant to Article 893. In this case, the record is void of any such written recommendation from the district attorney. Nothing in the statute or case law suggests the trial court can make its own recommendation, which from the record appeared to be the trial court's objective. Accordingly, the sentence is illegally lenient. Notably, on remand for resentencing, the district attorney may provide such written recommendation.

10

Second, the trial court sentenced Jackson to default time in the parish jail for failure to pay fine or costs. An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs or restitution. *State v. Malmay*, 52,824 (La. App. 2 Cir. 9/25/19), 280 So. 3d 947; *State v. Barrett*, 51,921 (La. App. 2 Cir. 4/11/18), 247 So. 3d 164, *writ denied*, 2018-0744 (La. 2/18/19), 265 So. 3d 770. A defendant's indigent status in such a situation may be discerned from the record. *State v. Malmay; State v. Barrett*. Where a defendant is represented at trial by the Indigent Defender's Office, or on appeal by the Louisiana Appellate Project, we have considered it error for a trial court to impose jail time for failure to pay court costs. *State v. Malmay; State v. Barrett.*

In this case, Jackson's indigent status has been shown by her representation at trial by the Indigent Defender's Office and her current representation on appeal by the Louisiana Appellate Project. Thus, the imposition of default jail time by the trial court was in error. Accordingly, we hereby instruct the trial court to delete that portion of Jackson's sentence that includes default jail time for failure to pay court costs.

## CONCLUSION

For the stated reasons, the conviction of Jeanell Latrice Jackson is affirmed. However, for the reasons stated, Jackson's sentence is vacated and this matter is remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**